HENRY H. GRIFFITHS, Appellant, v. ARTHUR ALLEN et al., Appellees.

No. 40744.

JUNE 20, 1931.

White & Clarke, for appellees.

Curtis W. Gregory, for appellant.

PER CURIAM: The plaintiff's petition was as follows:

"Petition in Equity.

"Plaintiff states:

"Par. 1. That he is the owner of a farm of about one hundred acres, located on the public road between Van Meter and Adel, in Dallas County, Iowa; that the defendants are residents of said county, living in the vicinity of said land; that said land is improved with fences and buildings including the building hereinafter referred to, all of which were and are the property of the plaintiff.

"Par. 2. That one of the buildings on said land was near the public highway; that it was a substantial barn-frame building about 14 feet by 32 feet in size, and about 10 feet at the eaves with shingle roof and in good condition; that it had been constructed by setting ten large posts in the ground, such posts extending above the ground about 10 feet, and upon such posts said building was constructed; that its actual value was about $250.00.

"Par. 3. That about the 8th day of August, 1930, the defendants came to said land, bringing with them tools and equipment for the removal of said building; that they wrongfully

trespassed on said land, and tore down and destroyed the fence along the public road near and attached to the said building; that they *sawed off the posts on and of which said building was constructed; that they placed said building on planks* or skids and removed the same from said land; that this was done without the consent of plaintiff; that he is informed and charges the fact to be that said trespass and waste were committed by defendants, pursuant to a conspiracy between them, entered into for the purpose of depriving plaintiff of his property, and damage to his said land; that the defendants left said fence open on the public highway, and considerable expense will be involved for posts and wire and labor to repair and replace the same.

"Par. 4. That by reason of the foregoing plaintiff's said land has been damaged in a sum in excess of $250.00; that he desires said building to be replaced upon his said land and restored to its original condition and position thereon, and to have said fence replaced and made sound for the protection of his said land and the crops thereon; that defendants are wrongfully retaining possession of said building and depriving the plaintiff of said property.

"Wherefore plaintiff prays for a full accounting as between himself and the defendants, and in connection with the said use or misuse of and trespass upon his said land by them; that this court decree that defendants shall return the said building and replace the same on said land, and restore and repair said fence, and place plaintiff and his property in the condition they were in before said trespass by defendants; that the defendants and each of them be enjoined and restrained by this court from retaining possession of said buildings, and from longer depriving plaintiff thereof; that an immediate hearing be had herein, and a *temporary injunction and order issue herein commanding the return of said building and repair of said fence and repair by defendants of the said damage done by them*; that if it shall develop that defendants have in any way made it impossible to return and restore said building, then plaintiff have judgment against defendants and each of them for treble the said value thereof and all other damages done by them, with judgment for costs, and for general equitable relief in the premises."

Was the cause properly transferred? The plaintiff contends in argument that he was entitled to a mandatory injunction re-

834

quiring the defendants to restore and to repair. The petition itself prays that "temporary injunction and order issue herein commanding the return of said building and repair of said fence and repair by defendants of the said damage done by them."

We know of no precedent, which authorizes such a proceeding in equity. Nor do we find any precedent cited in appellant's extensive Brief. The averments of the petition disclose a trespass and perhaps a conversion. For these wrongs, both statutory and common-law remedies are provided, which are deemed legally adequate. No ground of equitable jurisdiction is disclosed. 5 Pomeroy Equity, Section 1908 et seq., 2nd Edition. The motion to transfer was properly sustained.

II. A motion to strike a part of the petition was filed by the defendant, and sustained by the court, and error is assigned on the ruling.

Division 2 of the motion is set forth in the Abstract as follows:

"2nd. All that part of the prayer for relief in the petition after the word 'for' in the first line of said prayer, to and including the word 'have' in the ninth line of the second page of said *answer*, upon the following grounds, to wit:"

We are unable to find "the word 'have' in the 9th line of the second page of said answer." We do find the word "have" in more than one other place. We are unable therefore to determine just what was stricken from the pleading.

It will be noted that the motion assails the *answer* and not the petition. The abstract discloses no answer filed. We naturally surmise that the word "petition" was intended instead of "answer" and that perhaps the line numbers in the printed Abstract do not conform to the line numbers in the original manuscript. But the appellant offers us no aid of interpretation at this point, and we do not have the time at our disposal to reconstruct the motion or the numbering of the lines of the printed Abstract. We infer that the intent of the motion was to eliminate the prayer for equitable relief. If such be true, it was sustainable to that end.

The order below is accordingly sustained.—Affirmed.

ALBERT, MORLING, KINDIG, and GRIMM, JJ., concur.

FAVILLE, C. J., takes no part.